JUSTICE TRIEWEILER
specially concurring and dissenting.
I concur with the majority’s disposition of appellant’s claims based on common law fraud and negligent misrepresentation. However, my concurrence is not based upon the reasoning found in the majority opinion.
I would conclude as a matter of law that there was no claim for fraud and no negligent misrepresentation because there was no reliance by appellant on respondent’s alleged misrepresentations.
In this case, respondent’s representations were made to the District Court and the Supreme Court, and were relied upon by the Supreme Court when it reversed appellant’s original jury verdict. Therefore, it does not appear that the necessary elements of common law fraud and negligent misrepresentation exist in this case and I would not create a claim for damages based on “fraud upon the court.” I dissent from that part of the majority opinion which concludes that appellant’s claim for damages pursuant to Section 37-61-406, MCA, is barred by the statute of limitations.
Our reversal of the original verdict for appellant was based on the following representations by respondent:
On December 16, 1986, ASARCO learned the names of six witnesses who allegedly had information about various incidents of dishonesty by Barrett during his employment and within three years of his termination date. These incidents allegedly included lying to superiors about sleeping on shift and about taking sick *112 leave, stealing several hundred dollars worth of tools and equipment from ASARCO, and requesting one of his crew members to also steal for him.
Barrett v. ASARCO, Inc. (1988), 234 Mont. 229, 232, 763 P.2d 27, 29.
Based upon the District Court’s exclusion of those six witnesses, we vacated a verdict which had been returned in favor of appellant for $413,500. However, we did not enter judgment for the defendant; we remanded this case to the District Court for a new trial.
After this case was remanded, and prior to the second trial, appellant deposed five of the six witnesses whose proposed testimony was the subject of respondent’s first appeal. The sixth witness was out of state and unavailable. None of the five witnesses testified during their depositions as the respondent had indicated they would in its representations to the District Court and to this Court.
This case was not retried until November 13, 1989. During that trial only one of the six proposed witnesses testified and his testimony did not substantially conform to the representations about his testimony which had been made by respondent. That jury returned a verdict of $230,000 in favor of appellant. However, the judgment was not final until we affirmed it on October 25, 1990.
The statute of limitations which pertained to this cause of action provided for a period of two years within which to file a complaint. Section 27-2-211(l)(a), MCA. The period of limitation began to run when the claim accrued. However, the claim did not accrue until all elements of the claim existed. Section 27-2-102, MCA.
We previously held in Kitchen Krafters v. Eastside Bank of Montana (1990), 242 Mont. 155, 162, 789 P.2d 567, 571, that:
[T]he statute of limitations does not begin to run until all elements of a cause of action are in existence. For example, in a negligence action the plaintiff must prove four elements:
1) Existence of a duty
2) Breach of the duty
3) Causation
4) Damages.
Thornock v. State (1987), 229 Mont. 67, [72,] 745 P.2d 324, [327]. If these elements are not in existence, the plaintiff could not successfully bring a cause of action based upon negligence. Therefore, although one may be able to establish the existence and breach of a duty, he cannot successfully assert his cause of action until he has sustained an injury. Heckaman v. Northern Pacific Railroad (1933), 93 Mont. 363, [375,] 20 P.2d 258, [261].
*113 It is necessary to prove these same elements in a cause of action based upon a breach of Section 37-61-406, MCA (Penalty for deceit). However, in this case there was no way that the element of damages could be proven or even appreciated until the final resolution of this case after it was remanded to the District Court. Is there any doubt that if the second jury had found for ASARCO on the issue of liability, or if the amount of the second verdict had exceeded the amount of the first, that this same respondent would be moving for summary judgment on the grounds that no damages had been sustained?
Appellant has alleged that respondent misrepresented to the District Court and to this Court the substance of the testimony that would be offered from the six witnesses whose testimony was excluded. There has been a good deal of speculation by the District Court and by this Court about whether respondent did in fact misrepresent what it was told by the witnesses. However, this case comes before this Court based on a summary judgment, and speculation about the merits of appellant’s claim has no place in our decision. Whether there was in fact a misrepresentation by respondent is a question of fact. Drawing all reasonable inferences from the record, there is certainly sufficient evidence to submit that issue to a jury or fact finder.
The important fact, for purposes of this appeal, is that -until the final judgment entered pursuant to the second trial, there was no basis upon which appellant could determine (1) his damages, or (2) whether or not he had in fact incurred damages. That final judgment date was October 25, 1990. Therefore, that is the date on which this action accrued.
Appellant’s complaint was filed on March 1, 1991 — well within the two year period provided for an action of this type.
For these reasons, I would reverse the judgment of the District Court and remand this case for a trial on the merits of appellant’s claim that respondent violated Section 37-61-406, MCA, and as a result damaged appellant.
JUSTICE HUNT concurs in the foregoing concurrence and dissent of JUSTICE TRIEWEILER.